IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT MOORE, SR.,**

        **Plaintiff,**

        **v.**　　　　　　　　　　　　CASE NO.  13-3109-SAC

**JOHNSON COUNTY DETENTION
FACILITY, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate while confined at the Wyandotte County Detention Facility, Kansas City, Kansas.  Having considered the materials filed, the court requires plaintiff to provide the financial information mandated by federal law to support his Application to Proceed without Prepayment of Fees and to file an Amended Complaint in which he cures the deficiencies in his pleadings that are discussed herein.  If he fails to comply within the time prescribed by the court, this action may be dismissed without further notice.

## FILING FEE

The fee for filing a civil complaint is $400.00, which includes the statutory fee of $350.00 and an administrative fee of $50.00; or for one granted leave to proceed in forma pauperis it is $350.00.

Plaintiff has submitted a motion to proceed without Prepayment of Fees that is incomplete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-approved forms that contain an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1] Plaintiff is required to file a motion that fully complies with federal law.

**<u>FACTUAL BACKGROUND AND CLAIMS</u>**

As the factual background for his complaint, Mr. Moore alleges as follows. After he had been in the county jail for 18 months, he had a wisdom tooth that was painful and could not "eat or anything."

---

[1] Under § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined would be directed to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

He saw the dentist who refused to take "them" out, told him he needed an oral surgeon, and advised him to wait until he got out. Plaintiff told the dentist that he was awaiting trial and was not getting out soon. On the same day another inmate got his "half rotten tooth" taken out. "On another occasion," plaintiff had another toothache from the same tooth, and was charged to see "them" and for the medicine, even though it was for the same problem. Plaintiff wrote a grievance to the supervisor of the clinic, and she replied that "it's not life or death" and to wait until he gets out. Plaintiff then wrote to "the Sargent (sic) and Lieutenant of the jail" who "refused" him. Plaintiff designates as defendants "unknown named dentist" for Johnson County Jail and "Johnson County Adult New Century Center," which he describes in his complaint as "the administrative over the jail." He asserts that his right to medical attention was denied. He seeks compensatory and punitive damages.

**SCREENING**

Because Mr. Moore is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**LEGAL STANDARDS**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Put another way, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Eighth Amendment provides prisoners the right to be free from cruel and unusual punishments and is applicable to the states

4

through the Fourteenth Amendment. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical or dental care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005); *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). "The objective component is met if the deprivation is 'sufficiently serious.'" *Martinez*, 430 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209

5

(10th Cir. 2000). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). It follows that an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and jail medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim).

## **DISCUSSION**

Plaintiff's complaint is deficient in several ways. First, he does not provide crucial facts regarding the circumstances of his claim. No dates are provided for the events upon which his complaint is based. Moreover, he does not clearly provide the location of the

6

events. He states in a page attached to his complaint that he "was in New Century jail in Gardner" and had been there "over a year" when his wisdom tooth began to bother him. Johnson County operates two adult detention facilities, one in Olathe, Kansas, and another in New Century, Kansas.[2] Mr. Moore is required to file an Amended Complaint in which he clearly sets forth the name and location of the county jail facility at which the alleged denial of dental treatment took place and the dates of his requests for treatment as well as of the dentist's denial(s). This information is particularly crucial in this case where plaintiff does not provide the name or any other personal information to identify the dentist who is the only "person" named as a defendant. If plaintiff fails to provide these necessary facts, the complaint will be dismissed for failure to state a claim.

Plaintiff's allegations are not sufficient to state a claim against "Johnson County Adult New Century Center." A jail facility is not a "person" suable under § 1983.[3] Thus, at this juncture, the unnamed, unidentified dentist is the only proper defendant designated in the caption.[4] Plaintiff must provide sufficient

---

[2] The "New Century Adult Detention Center" is located in New Century, Kansas.

[3] Plaintiff does not name Johnson County as a defendant and does not describe any policy that would render the county liable for money damages on his claim. Supervisory officials may not be held liable based solely upon their denial of an administrative grievance.

[4] Rule 10 of the Federal Rules of Civil Procedure requires that every party be named in the caption of the complaint. The jail and unknown dentist are the only defendants in the caption.

information about the unknown dentist to allow service of process.

Moreover, in order to state a claim in federal court under § 1983 plaintiff must allege the violation of a right secured by the Constitution and laws of the United States. Mr. Moore does not specify a constitutional right that he believes was violated. The court has liberally construed his allegation of denial of dental treatment as asserting a claim under the Eighth and Fourteenth Amendments. However, the few facts alleged by plaintiff are not sufficient to state an Eighth Amendment claim of deliberate indifference. Instead, they suggest at most a delay in providing dental surgery. A delay in providing dental or medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). Mr. Moore is no longer at the Johnson County Jail,[5] but is now at the Wyandotte County Jail. He alleges that he is a KDOC inmate who was transferred to Wyandotte County from Lansing Correctional Facility for court.[6] Thus, his stay at the Johnson County Jail was temporary. He complains that defendants there refused to provide him with oral surgery, but does not provide the dates of his stay at the jail and of his treatment requests, and thus

---

[5] Thus, plaintiff is no longer being denied dental treatment by a person at the Johnson County Jail.

[6] Plaintiff does not provide a legitimate KDOC inmate number. Nor does he provide his full name. If he is Robert Eugene Moore, Sr., then his KDOC number is 78654, and he must set forth this information in his Amended Complaint.

does not reveal the length of the delay in treatment. Nor does he allege facts to support a claim that a delay in treatment until he was released from the Johnson County jail to a KDOC institution, amounted to deliberate indifference.[7] Plaintiff also fails to allege any facts showing that he suffered substantial harm from the alleged delay in dental treatment.

Plaintiff is required to file an Amended Complaint[8] upon court-provided forms that cures the deficiencies discussed herein. If he fails to comply within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fees of $400.00 in full or submitting a properly completed and supported motion for leave to proceed without prepayment of fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to file an Amended Complaint that cures the deficiencies discussed herein.

---

[7] Plaintiff does not allege that his wisdom tooth eventually was extracted, and if so, when and where.

[8] See Fed.R.Civ.P. Rule 15. An Amended Complaint is not simply an addendum to the original complaint, but completely supersedes it. Therefore, the Amended Complaint must name all parties and contain all claims the plaintiff intends to pursue in the action including any to be retained from the original complaint. Any claims not included in the Amended Complaint are no longer before the court. Plaintiff must write the number of this case (13-3109) at the top of the first page of his Amended Complaint. He must name every proper defendant in the caption of the complaint and again in its body, where he must also describe the personal participation of each defendant.

9

The clerk is directed to send ifp and 1983 forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2013, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**